Filed 10/18/13  Monique C. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MONIQUE C.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>    Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>    Real Party in Interest. | F067708<br><br>(Super. Ct. No. 516478) |
| JOHN K.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>    Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>    Real Party in Interest. | F067777<br><br>(Super. Ct. No. 516478)<br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review. Ann Q. Ameral, Judge.

Monique C., in pro. per., for Petitioner.

John K., in pro. per., for Petitioner.

No appearance for Respondent.

John P. Doering, County Counsel, Maria Elena Ratliff, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

John K. and Monique C., in propria persona, seek extraordinary writ review of the juvenile court's orders issued at a contested six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[1] terminating their reunification services and setting a section 366.26 hearing to implement a permanent plan of adoption as to their 10-month-old son, J.K.

John and Monique contend they initiated their reunification services late but are making an effort to comply with the juvenile court's orders. They seek an order from the juvenile court continuing their reunification services and returning J.K. to their custody.

We will dismiss the petition as facially inadequate.

## PROCEDURAL AND FACTUAL SUMMARY

In January 2013, the juvenile court exercised its juvenile dependency jurisdiction over then two-month-old J.K. after sustaining allegations that John and Monique used methamphetamine, were homeless, and Monique had an untreated mental illness. J.K. was placed in foster care.

---

[*]     Before Levy, Acting P.J., Cornell, J. and, Peña, J.

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

The juvenile court ordered John and Monique to complete an alcohol and drug assessment and follow any recommendations, attend a minimum of three Alcoholics/Narcotics Anonymous (AA/NA) meetings each week, participate in random drug testing, and complete a parenting program. The court additionally ordered Monique to complete a mental health assessment, ordered weekly supervised visitation for both parents, and set the six-month review hearing for April 2013.

Over the six-month reunification period, John and Monique did not contact the Stanislaus County Community Services Agency (agency), participate in any of their services or visit J.K. Consequently, the agency recommended the juvenile court terminate their reunification services at the six-month review hearing.

The six-month review hearing was continued and conducted in July 2013, as a contested hearing. Monique testified she initiated her reunification services the day before the hearing by enrolling in a parenting class, registering for drug testing and scheduling an alcohol and drug assessment. She was scheduled to begin the parenting classes and clinical assessments in mid-August 2013. She also testified she began attending AA/NA meetings three days before the hearing. She believed she could successfully complete her services if given an additional six months.

On cross-examination, Monique testified she last saw J.K. in November 2012, on the day he was taken into protective custody. She said she relapsed intermittently over the prior six months and used methamphetamine "once in a blue moon." She last used methamphetamine five days before the hearing.

At the conclusion of the hearing, the juvenile court terminated reunification services for John and Monique and set a section 366.26 hearing. This petition ensued.

**DISCUSSION**

John and Monique acknowledge their delay in initiating their court-ordered reunification services but contend they are making efforts to comply. To that end, they attached to their petition a "Verification of Application and Attendance" form from Sierra

3

Vista Child and Family Services evidencing they completed their intake assessment in late August 2013.

As a preliminary matter, we will not review the documentation John and Monique included with their writ petitions because it was not considered by the juvenile court. (*In re Zeth S*. (2003) 31 Cal.4th 396, 405.) Further, we cannot conduct a meaningful review of the consolidated petition because John and Monique do not claim the juvenile court erred in terminating their reunification services and setting a section 366.26 hearing.

California Rules of Court, rules 8.450-8.452, govern the procedures for initiating dependency writ proceedings in this court. The purpose of writ proceedings is to facilitate review of the juvenile court's order setting the section 366.26 hearing. (Rule 8.450(a).) To that end, rule 8.452(b) requires the petitioner to set forth legal arguments by points and authorities, including specific citation to the appellate record.

In this case, John and Monique did not comply with the rule by including points and authorities. Nevertheless, this court will liberally construe a petition in favor of its sufficiency if it asserts juvenile court error. (Cal. Rules of Court, rule 8.452(a)(1).) This court will not, however, independently review the appellate record for possible errors. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.) Because John and Monique do not raise juvenile court error, their writ petition is inadequate for review.

### DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is final forthwith as to this court.

4